UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LITTLE CAESAR ENTERPRISES, INC. and LC TRADEMARKS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> RESTAURANT PURCHASING CORPORATION and SANRITA JONES, <br><br> Defendants. | Case No. 22-10757 <br><br> Judge Judith E. Levy <br> Magistrate Judge Anthony P. Patti |

### ORDER GRANTING MOTION FOR DEFAULT JUDGMENT [14]

On May 18, 2022, the Clerk of this Court entered defaults against Defendants Restaurant Purchasing Corporation and Sanrita Jones pursuant to Federal Rule of Civil Procedure 55(a). (ECF Nos. 11, 12.) Before the Court is Plaintiffs Little Caesar Enterprises, Inc. and LC Trademarks, Inc.'s (collectively "Little Caesar") motion for entry of a default judgment against Defendants pursuant to Federal Rule of Civil Procedure 55(b). (ECF No. 14.) On September 26, 2022, the Court set the motion for a hearing and sent notice of the hearing to Defendants via first-class mail. (*See* ECF No. 15.) On December 15, 2022, the Court held a hearing on the motion and took the motion under advisement. The Court has also reviewed Little Caesar's motion, its brief in support, the declaration of Danielle Lester, and the record in this matter in detail. Accordingly, it is hereby **ORDERED** that Little Caesar's motion is **GRANTED.**

A default judgment is hereby entered in favor of Little Caesar against Defendants Restaurant Purchasing Corporation and Sanrita Jones as follows:

1. Defendants' conduct violated the Terms of Defendants' Franchise Agreements for the Little Caesars franchises formerly located at 7633 Michigan Avenue, Detroit, MI 48210 (Franchise #1294-001) and 18310 West Chicago Street, Detroit, MI 48228 (Franchise #1294-002), and constituted good cause for Little Caesar's termination of those agreements.

2. Defendants and all other persons in active concert or participation with them are **ORDERED** to immediately and fully comply with the post-termination obligations contained in Sections 14 and 15 of the Franchise Agreements. Those obligations include but are not limited to the requirements that:

   a. With respect to Franchise #1294-002[1], at Little Caesar's election, which right shall be exercised within twenty-one (21) days of the date of this Order, Defendants shall assign the lease(s) for the premises of Defendants' formerly franchised business to Little Caesar, or its assignee, effective on the date specified by Little Caesar;

   b. With respect to Franchise #1294-002, if Little Caesar, or its assignee, elects to assume the lease for the premises of Defendants' formerly

---

[1] Per Little Caesar, Defendants have transferred possession of Franchise # 1294-001 to another entity that is not party to this lawsuit.

franchised business, Defendants shall promptly vacate the premises, rendering all assistance to Little Caesar necessary to enable it to take prompt possession thereof;

      c.      Upon vacating the premises, Defendants shall: (i) cease, directly or indirectly, to represent to the public or hold themselves out as a present or former franchisee of Little Caesar; (ii) permanently cease to use, in any manner whatsoever, Little Caesar's proprietary marks; (iii) cease to use any designation of origin or description or representation which falsely suggests or represents an association or connection with Little Caesar; (iv) to take any actions necessary to cancel any assumed name or equivalent registration that contains the LITTLE CAESARS Proprietary Marks, as the term is defined in the Franchise Agreements; (v) return to Little Caesar all of Little Caesar's confidential manuals and other confidential information; and (vi) refrain from, either directly or indirectly, or through, on behalf of, or in conjunction with any person, persons, or legal entity, owning, maintaining, advising, operating, engaging in, being employed by, making loans to, or having any interest in or relationship or association with a business which is a quick or fast service restaurant engaged in the sale of pizza, chicken wings, and/or related products (1) for a continuous uninterrupted one-year period with respect to the Designated Market Area, as defined by Nielsen, of any LITTLE CAESARS

3

restaurant, regardless of concept, and regardless of whether the restaurant is owned by a franchisee of Little Caesar or by Little Caesar or an affiliate; and (2) for a continuous uninterrupted two-year period with respect to the Designated Market, which time periods shall run from the date of this Order;

      d.    In the event that Little Caesar does not or is unable to exercise its option to receive assignment of the lease for the premises of Franchise #1294-002, then, upon notice from Little Caesar, Defendants shall immediately comply with the obligations set forth in Paragraph 2(c), above; and, within fourteen (14) days, take all steps necessary to de-identify the franchise by complying with the steps set forth on the Store De-Identification Checklist attached hereto as Exhibit A; and

      e.    Should Little Caesar elect, within fourteen (14) days of this Order, to exercise its option under Section 14.10 of the Franchise Agreement for Franchise # 1294-002 to acquire any or all of the furnishings, equipment, signs, fixtures, or supplies related to Defendants' formerly franchised business at fair market value, subject to any offsets allowed under that provision, Defendants shall comply with their obligations to facilitate such an acquisition, as set forth in Section 14.10 of the Franchise Agreement.

3.    Pursuant to Section 23.9 of the Franchise Agreement, Defendants are jointly and severally liable for the reasonable attorney fees and costs that Little

Caesar has incurred in enforcing the Franchise Agreements in connection with this dispute. Little Caesar shall submit an accounting of its attorney fees and costs and any supporting documentation within fourteen (14) days of the date of this Order.

**IT IS SO ORDERED**

Dated: February 1, 2023         s/Judith E. Levy
    Ann Arbor, Michigan         JUDITH E. LEVY
                                           United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 1, 2023.

                                           s/William Barkholz
                                           WILLIAM BARKHOLZ
                                           Case Manager

**EXHIBIT A**
## **STORE DE-IDENTIFICATION CHECKLIST**

Remove all exterior LITTLE CAESARS signs
Remove LITTLE CAESARS panel on the monument sign
Remove LITTLE CAESARS materials from the lobby
Remove LITTLE CAESARS front counter panel
Remove all POP materials from the store
Remove all window banners
Remove all LITTLE CAESARS translights from the menu board
Remove all LITTLE CAESARS product descriptions from the menu board
Remove all LITTLE CAESARS job helpers, time management guidelines, product prep charts
Remove all LITTLE CAESARS paperwork, forms, applications, charts
Return all LITTLE CAESARS training materials to Little Caesar Corporate
Discontinue using all LITTLE CAESARS materials in any advertising
Remove all LITTLE CAESARS pizza boxes and any LITTLE CAESARS packaging from the store
Remove all pizza spice, dough mix and other proprietary food items from the store
Discontinue the use of any LITTLE CAESARS product preparation procedures or secret recipes
Remove all LITTLE CAESARS uniforms from the store
Pay off all local vendors
Cancel phone and all yellow page ads
Remove all LITTLE CAESARS logos from checks and accounting paperwork
Take all other action to remove from the store all trademarks and trade dress associated with LITTLE CAESARS